IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| TERRANCE DARBY | : | NO. 22-22-1 |

MEMORANDUM

Bartle, J.                                            September 24, 2024

          Before the court is the pro se motion of defendant
Terrance Darby to vacate, set aside, or correct his sentence
under 28 U.S.C. § 2255 (Doc. # 101).  He claims ineffective
assistance of counsel.

I

          On June 6, 2022, defendant was charged in a
superseding indictment with: one count of conspiracy, in
violation of 18 U.S.C. § 371 (Count I); one count of unlicensed
dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A)
(Count II); one count of possession with intent to distribute
methamphetamine and fentanyl, in violation of 21 U.S.C.
§ 841(a)(1), (b)(1)(B) (Count III); one count of possession with
intent to distribute methamphetamine and fentanyl within 1,000
feet of an elementary school, in violation of 21 U.S.C. § 860(a)
(Count IV); one count of possessing a firearm in furtherance of
a drug trafficking offense, in violation of 18 U.S.C.
§ 924(c)(1)(A)(i) (Count V); and one count of possession of a

firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count VI).

The indictment alleged that defendant Terrance Darby agreed and conspired with his co-defendant, Ontavious Plumer, to purchase and resell firearms that had been straw-purchased. The firearms were transferred from South Carolina to Philadelphia where they were ultimately sold by defendant.

His attorney, Guy Sciolla, Esq., was involved in negotiating a plea agreement with the Government on behalf of defendant. The day of his guilty plea hearing, November 29, 2022, defendant terminated Sciolla. The court appointed Rhonda Lowe, Esq., pursuant to the Criminal Justice Act. Lowe continued plea negotiations and reached an agreement which was the same as the agreement previously negotiated by Sciolla.

Pursuant to the agreement, defendant pleaded guilty on March 9, 2023 to Counts I, II, III, IV, and VI of the superseding indictment. The parties agreed to recommend to the court a sentence between 120 and 156 months of incarceration with an eight-year term of supervised release. The Government agreed to dismiss Count V. As part of this agreement, defendant agreed to waive his right to appeal unless the Government appealed, the court imposed a sentence above the statutory maximum, or the court imposed an upward departure or upward variance greater than the Sentencing Guidelines range.

-2-

At his guilty plea hearing, defendant testified under oath and understood that he was required to respond honestly to the court's questions.  He stated that he was satisfied with Lowe's representation of him and that he understood the charges made against him in the superseding indictment.  He attested that he had read and understood the plea agreement and he had discussed it with his attorney before he signed it.  He testified that he was not threatened or promised anything to induce him to sign the agreement.  He stated multiple times that he was aware that, in pleading guilty, he gave up his right to appeal his sentence except for limited circumstances outlined in his signed plea agreement.  Upon hearing the Government's recitation of the facts supporting the superseding indictment, he affirmed that the recitation was accurate.  At the end of the hearing, he admitted he was in fact guilty as charged and entered a plea of guilty.  The court found that his guilty plea was knowing and voluntary.

On June 21, 2023, defendant was sentenced to 128 months of incarceration.  During his sentencing, the court advised defendant "of [his] right to appeal [his] sentence to the United States Court of Appeals for the Third Circuit" to "the extent [he] has not waived [his] right to appeal."

II

A motion under Section 2255 is a form of collateral attack identical in scope to federal habeas corpus.  See Davis v. United States, 417 U.S. 333, 343 (1974); see also 28 U.S.C. § 2255.  As noted above, defendant claims he suffered from ineffective assistance of counsel.

To establish ineffective assistance of counsel, petitioner must first demonstrate that his counsel's performance fell below "an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984).  To demonstrate deficient performance, defendant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [a] defendant by the Sixth Amendment."  Id. at 687.

Defendant must also prove he was prejudiced by any objectively deficient performance by his counsel.  He must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  In assessing petitioner's ineffective assistance of counsel claims, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  Id. at 689.

Counsel is given leeway to employ the strategy he or she considers most effective under the circumstances.  See id. at 691.  Ultimately, defendant must overcome the presumption that the actions of his counsel may be considered reasonable trial strategy.  Id. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

III

Defendant first argues that his counsel was constitutionally ineffective because counsel did not file a direct appeal challenging the defendant's sentence.  As noted above, the plea agreement states that defendant may only file a direct appeal if the Government appealed, if the court imposed a sentence above the statutory maximum, if the court imposed an upward departure or upward variance above the Sentencing Guidelines range.[1]  None of these exceptions existed.  Filing an appeal in violation of the plea agreement can constitute a breach of the plea agreement.

---

1.   The plea agreement also permits defendant to collaterally attack his sentence if the attorney representing defendant provided ineffective assistance of counsel.  Claims of ineffective assistance of counsel should "ordinarily be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255 rather than on direct appeal."  United States v. Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002).

Counsel may be found to be deficient under certain circumstances for failing to consult with his or her client regarding the option to appeal:

> [W]hen there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known.

Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  Defendant maintains that he was interested in pursuing an appeal, and his counsel's failure to discuss this option with him resulted in a violation of his Sixth Amendment right to counsel.

The Government avers that Lowe did not have an obligation to consult with her client regarding his potential interest in appealing the decision.  Pursuant to his plea agreement, defendant was only permitted to appeal his sentence under very limited circumstances.  As noted, none of those circumstances was available in his case.  Defendant received a sentence on the low end of the sentencing range for which the parties bargained: 128 months.  No rational defendant would have pursued an appeal.

Defendant also fails to show that he "reasonably demonstrated to counsel that he was interested in appealing."

-6-

In his motion, defendant identifies that he "wanted to discuss several appellate issues" and reached out to counsel on multiple occasions after his sentencing.  However, he fails to identify the subject of those later requests for contact or whether his messages pertained to his interest in appealing his sentence.

Defendant has failed to show under the circumstances that his counsel had a constitutional duty to consult with him regarding his right to file an appeal.  Lowe was not constitutionally ineffective for any failure to consult with defendant regarding filing a direct appeal.

Defendant next challenges his counsel's assistance in connection with the plea-bargaining process.  First, he argues that his counsel was deficient for failing independently to investigate the basis of the prosecution's case against him. This argument is totally without merit.  Defendant conceded during his plea hearing that the facts recited by the Assistant United States Attorney were accurate.  Defendant has not pointed to any extraordinary circumstances necessary to rebut the truth of his sworn statement.  See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Defendant argues that an independent analysis of the case is necessary according to the regulations set forth by the American Bar Association Standards for Criminal Justice.  These standards are merely guidelines and do not impose specific

-7-

requirements on counsel.  See <u>Strickland</u>, 466 U.S. at 688-89.
Defendant has not showed that counsel failed to exercise proper
judgment in making the decision not to investigate independently
the evidence provided to her by the prosecution.

Defendant finally argues that his counsel, Ms. Lowe,
was constitutionally deficient in failing to negotiate a plea
agreement distinct from the agreement that his prior counsel had
obtained and that he was coerced into accepting this plea.

A guilty plea is considered valid when it is a
"voluntary and intelligent choice among the alternative courses
of action open to the defendant."  <u>North Carolina v. Alford</u>, 400
U.S. 25, 31 (1970).  At his plea hearing, the court asked
defendant if "anyone made any threat or promise or assurance to
[him] of any kind other than what it is set forth in the plea
agreement and acknowledgement of rights to convince or induce
[him] to sign them[,]" to which defendant answered "no."
Defendant fails to establish the extraordinary circumstances
necessary to rebut the truth of this sworn statement.
<u>Blackledge</u>, 431 U.S. at 74.

Whether or not a plea was voluntary depends on whether
the advice given by counsel fell within the range of competence
demanded from counsel.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 56
(1985).  Lowe's strategic decision to recommend that defendant
accept the same plea agreement as negotiated by defendant's

-8-

prior counsel was reasonable.  This agreement dismissed the
Section 924(c) charge against defendant, which would have
increased his sentence by five years through a mandatory minimum
that is required to run consecutively to other sentences
imposed.  Additionally, a recommended sentence range of 120 to
156 months was substantially lower than the potentially
applicable guidelines range.  Defendant received competent legal
advice before he decided to plead guilty.

Even if defendant had demonstrated inadequate
performance, he cannot establish that he was prejudiced.  To
show that he was prejudiced by counsel's lack of assistance with
regards to a plea agreement, "defendant must show that there is
a reasonable probability that, but for counsel's errors, he
would not have pleaded guilty and would have insisted on going
to trial."  Id. at 59.  Defendant acknowledged at his plea
hearing that he was waiving his right to trial.  He has not come
forward with any evidence that he wanted to go to trial.

Accordingly, the motion of defendant to vacate his
sentence pursuant to 18 U.S.C. § 2255 will be denied.

IV

Defendant requests that an evidentiary hearing be held
on his claims for relief.  When a petition alleges facts that
warrant relief and are not "clearly resolved by the record," the
court has the discretion to hold an evidentiary hearing.  United

States v. Tolliver, 800 F.3d 138, 131 (3d Cir. 2015).  Here,

defendant's allegations are clearly resolved by the record, and

an evidentiary hearing is not appropriate.